## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**NORENA F. BUCKLAND,**
**Claimant Below, Petitioner**

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-1015** (BOR Appeal No. 2051973)
                    (Claim No. 2009087828)

**WAL-MART,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Norena F. Buckland, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart, by Karin L. Weingart, its attorney, filed a timely response.

The issue on appeal is whether a referral to pain management is medically necessary and reasonably required treatment for Ms. Buckland's compensable injury. The claims administrator denied the referral on May 13, 2015. The Office of Judges affirmed the decision in its May 1, 2017, Order. The Order was affirmed by the Board of Review on October 25, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Buckland, a door greeter, was injured in the course of her employment on April 8, 2009, when she slipped in an icy parking lot and hit her elbows, back, and head. The employee's and physician's report of injury indicates the parking lot where Ms. Buckalnd fell was covered in ice. She hit her back and elbow and struck her head on the step of her truck when she slipped and fell. Colin Rose, M.D., diagnosed disc herniation, and Ms. Buckland was taken off of work. Ms. Buckland underwent C4-5 intracervical discectomy and arthrodesis for her C4-5 disc herniation on August 28, 2009. On October 15, 2010, the surgery was authorized, temporary total disability benefits were granted, and cervical disc displacement was added to the claim.

1

In a February 23, 2011, independent medical evaluation, A.E. Landis, M.D., diagnosed contusion/sprain type injury which caused a C4-5 herniation for which Ms. Buckland had an unsuccessful surgery. The lumbar spine symptoms were found to be the result of the fall which aggravated preexisting degenerative changes in the lumbar spine. The cervical symptoms were opined to be directly related to the compensable injury and the surgery that followed. Dr. Landis found that Ms. Buckland's congenital C5-6 fusion would have no effect on her cervical symptoms. He determined that she had not yet reached maximum medical improvement and would need a neurosurgical evaluation as well as chronic pain management.

Jerry Scott, M.D., performed an independent medical evaluation on August 27, 2013, in which he diagnosed exacerbation of preexisting cervical and lumbar degenerative disc disease as well as lumbar sprain. He opined that Ms. Buckland's current symptoms are not a result of the compensable injury. Dr. Scott found that she had been diagnosed with fibromyalgia and degenerative disc disease. He determined that Ms. Buckland had reached maximum medical improvement.

In a December 18, 2015, independent medical evaluation, Sushil Sethi, M.D., diagnosed cervical disc herniation and lumbar sprain. He found that the herniated disc had been well stabilized. Dr. Sethi noted that Ms. Buckland had aches and pains that were the result of her congenital anomaly at C5-6, fibromyalgia, and degenerative disease at multiple levels. He found that the work related injury had resolved. Dr. Sethi opined that treatment after Dr. Scott's August 27, 2013, evaluation is not medically related or necessary for the compensable injury. He specified that office visits, medication, and therapy have been to treat the noncompensable fibromyalgia and degenerative disease.

The claims administrator denied a referral to pain management on May 13, 2015, The Office of Judges affirmed the decision in its May 1, 2017, Order. It found that a preponderance of the evidence shows that Ms. Buckland's symptoms are not related to the compensable injury. The Office of Judges concluded that she has degenerative disease at multiple levels in various parts of her body and it is more likely the cause of her current symptoms. This was supported by the reports of Drs. Sethi and Scott who found that Ms. Buckland's current symptoms and treatment are the result of noncompensable fibromyalgia. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 25, 2017.

After review, we agree with the reasoning and conclusion of the Office of Judges as affirmed by the Board of Review. Ms. Buckland's compensable injury occurred nine years ago. The evidence indicates that her current symptoms are the result of noncompensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum